**STRICKLAND TRANSPORTATION COMPANY, Inc.,**

v.

**UNITED STATES of America.**

No. 15441.

United States Court of Appeals
Fifth Circuit.
June 17, 1955.

Ralph W. Currie, Dallas, Tex., for appellant.

John C. Ford, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

Strickland Transportation Company, Inc., plaintiff below and appellant here, a common carrier by motor vehicle, re-

ceived from the United States a shipment of ammunition at the Defense, Texas, Ordnance Plant consigned to a Government Arsenal at Camp Stanley, Texas. A Government Bill of Lading was issued incorporating in its terms provisions labeled "General Conditions and Instructions". Among these are the following:

"Conditions

"It is mutually agreed and understood between the United States and carriers who are parties to this bill of lading that—

"1. Prepayment of charges shall in no case be demanded by carrier, nor shall collection be made from consignee. On presentation of this bill of lading, properly accomplished and attached to freight voucher prepared on the authorized Government form, to the office indicated on the face hereof, payment will be made to the last carrier, unless otherwise specifically stipulated.

"2. Unless otherwise specifically provided or otherwise stated hereon, this bill of lading is subject to the same rules and conditions as govern commercial shipments made on the usual forms provided therefor by the carrier * * *.

"6. Receipt of the shipment is made subject to the 'Report of Loss, Damage, or Shrinkage' noted on original B/L. * * *

"Instructions

"(See also General Regulations No. 97—Revised, issued January 21, 1946, by the Comptroller General of the United States). * * *

"2. * * * The consignee on receipt of the shipment will sign the consignee's certificate on the original bill of lading and surrender the bill of lading to the last carrier. The original bill of lading then becomes the evidence upon which settlement for the service will be made. * * *

"6. In case of loss or damage to property while in the possession of the carrier, such loss or damage shall, when practicable, be noted on the bill of lading or certificate in lieu thereof, as the case may be, before its accomplishment * * *. Loss or damage for which a carrier is responsible will be deducted in making settlement for the services".

The shipment was destroyed by an explosion en route. The Government filed a claim for $11,065.20, which the plaintiff paid and which, it is alleged, was the full value of the shipment at destination. In its loss claim the Finance Officer of the Government certified that "The property arrived in damaged condition, damaged beyond repair". The plaintiff asserted that this certificate constituted a "proper accomplishment" of the Bill of Lading. Payment of the freight from point of origin to destination in the amount of $650.08 being demanded of the Government and refused, the plaintiff brought suit under the Tucker Act, 28 U.S.C.A. § 1346. The District Court granted the Government's Motion to Dismiss and plaintiff appeals.

The plaintiff urges that, having paid the full destination value, the Government has had the equivalent in value of the transportation service and for this equivalent should make payment. That such is the rule in Texas and generally elsewhere is not in question, and should control here unless the Government Bill of Lading requires the application of a different doctrine.

This is not a case calling for application of equitable principles or permitting recovery on a quantum meruit. The suit is on the contract contained in the Bill of Lading and there can be no recovery contrary to its terms.

The Government relies upon and the plaintiff attempts to distinguish Alcoa Steamship Co., Inc., v. United States, 338 U.S. 421, 70 S.Ct. 190, 192, 94 L.Ed. 225. In the Alcoa case the ship S. S. Gunvor and its cargo were lost by enemy action before reaching destination. The Bill of Lading in the Alcoa case covering Government cargo on the Gunvor was sub-

ject to the same conditions as those quoted above numbered 1 and 2. Condition 6 was the same in substance. The Alcoa Bill of Lading contained a clause providing "Full freight to destination \* \* \* and all advance charges against the Goods are due and payable \* \* \* as soon as the Goods are received for purposes of transportation; \* \* \* Goods or Vessel lost or not lost \* \*."

In the Alcoa case, supra, it was said:

"It is petitioner's construction that the bill of lading condition has been fully satisfied. 'Accomplishment' he argues to be a technical term of ancient use in the law of the sea signifying no more than surrender of the bill to the carrier by the consignee or other authorized holder. This may be conceded immediately, and indeed the government bill seems to imply this usage where the term is used alone. But in this one provision on the bill the term is not used alone. Payment is not conditioned upon submission of an 'accomplished' bill of lading; the bill must be 'properly accomplished.' Unless the modifier be held to mean nothing, it can only be inferred that more than bare 'accomplishment' is contemplated. The requisites to a 'properly accomplished' bill are specifically set forth. We italicize the pertinent words.

"Reference to 'Instruction 2' informs the carrier that: 'The consignee *on receipt of the shipment* will sign the consignee's certificate on the original bill of lading and surrender the bill of lading to the last carrier. The bill of lading *then* becomes *the* evidence upon which settlement for the service will be made.'" 338 U.S. 421, 426, 70 S.Ct. 190, 193.

In the Alcoa case the endorsement on the certificate of delivery was "'S. S. "Gunvor" has been lost due to enemy action.'" In the situation before us the comparable recital, "The property arrived in damaged condition, damaged be-

yond repair", was admittedly not accurate.

 None of the factual differences between the case here and the Alcoa case are such as call for a departure from the rule there announced. The Bill of Lading cannot be "properly accomplished" until there has been a receipt of the shipment by the consignee at destination. Delivery of the shipment is a condition precedent to liability for freight.

The decision of the District Court is Affirmed.